UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**06  5690**

------------------------------------------------------------------------X

SAMUEL W. GILBERD and KANA MANGLAPUS,

**SPATT, J.**

                              Plaintiffs,

DOCKET NO.:                    **LINDSAY, M.J.**

           -against-

COMPLAINT

VILLAGE OF OCEAN BEACH, OCEAN BEACH
POLICE DEPARTMENT, CHIEF OF POLICE          JURY TRIAL DEMANDED
EDWARD T. PARADISO, SERGEANT GEORGE
HESSE, and POLICE OFFICERS ARNOLD HARDMAN,
KENNETH BOCKELMAN, PAUL COROLLO,
DAVID GERDON, WILLIAM EMBUREY and
"JOHN DOES" 1-5 (names being fictitious representing
additional police officers and presently unknown to the
plaintiffs),

                              Defendants.

------------------------------------------------------------------------X

        Plaintiffs, SAMUEL W. GILBERD (hereinafter referred to as "GILBERD") and KANA

MANGLAPUS (hereinafter referred to as "MANGLAPUS"), by their attorneys, ARYE, LUSTIG

& SASSOWER, P.C., complaining of the above-named defendants, hereby allege as follows upon

personal knowledge and information and belief

### NATURE OF ACTION

        1.      This is an action for money damages, attorneys fees, costs, and such other, further and

different relief as to this Court may seem just and proper against the defendants for violations of the

plaintiffs' civil, constitutional and statutory rights.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the

First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution (hereinafter

referred to as the "Federal Claims"). Jurisdiction is grounded upon 28 U.S.C. § 1331, 1343 (3) and (4), and the aforementioned statutory and constitutional provisions.

3.      The plaintiffs further invoke pendent jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims which arise out of state law (hereinafter referred to as the "State Claims").

4.      That prior to the institution of this action, the plaintiffs timely and duly served a Notice of Claim and Notice of Intention To Sue on or about September 19, 2005 against the municipal defendants; and this action was not commenced until the expiration of thirty days after such claim was presented; and the defendants have neglected and refused to make adjustment or payment; and this action was commenced within one year and 90 days after the cause of action accrued herein.

5.      Plaintiffs have complied with all of the necessary prerequisites to file this complaint.

## VENUE

6.      Venue is properly laid in this District under 28 U.S.C. § 139(b)(1), this being the District in which at least one of the defendants reside.

## PARTIES

7.      Plaintiffs were and still are Citizens of the United States and reside at 545-1/2 Rose Avenue, Venice, California 90291.

8.      The defendant, VILLAGE OF OCEAN BEACH (hereinafter referred to as "VILLAGE"), was and is a municipal corporation existing under and by virtue of the laws of the State of New York.

2

9.     The defendant, OCEAN BEACH POLICE DEPARTMENT (hereinafter referred to as "POLICE DEPARTMENT"), was and is an agency and/or department of the defendant, VILLAGE, duly organized and existing under and by virtue of the laws of the defendant, VILLAGE, and the State of New York.

10.     That at all times herein mentioned, defenant, EDWARD T. PARADISO (hereinafter referred to as "PARADISO"), was Chief of Police of the defendant, POLICE DEPARTMENT, employed by the defendant, POLICE DEPARTMENT and/or defendant, VILLAGE.

11.     That at all times herein mentioned, defendant, GEORGE HESSE (hereinafter referred to as "HESSE"), was a police officer with the rank of Sergeant employed by the defendant, POLICE DEPARTMENT and/or defendant, VILLAGE.

12.     That at all times herein mentioned, defendants, ARNOLD HARDMAN, KENNETH BOCKELMAN, PAUL COROLLO, DAVID GERDON, WILLIAM EMBUREY and JOHN DOES 1-5 (names being fictitious representing additional police officers presently unknown to the plaintiffs) [hereinafter referred to as "Non-Command Police Officers"] were police officers employed by the defendant, POLICE DEPARTMENT and/or defendant, VILLAGE.

13.     That at all times herein mentioned, the defendant police officers, including defendants, PARADISO, HESSE and the Non-Command Police Officers, were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs, and practices of the defendants, VILLAGE, the POLICE DEPARTMENT and/or the State of New York.

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, GILBERD,
UNDER THE FEDERAL CLAIMS

14.     This plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs 1-13 with the same force and effect as if more fully set forth at length herein.

15.     That on August 28, 2005, the plaintiff, GILBERD, was detained by certain of the

defendant police officers on suspicion of littering.

16.     That while the plaintiff, GILBERD, was being detained by said defendant police

officers and in their custody and the custody of defendants, VILLAGE and POLICE

DEPARTMENT, he was attacked and struck numerous times about his body, including on his face,

head, arms, abdomen and legs.

17.     That the aforesaid attack was perpetrated upon plaintiff, GILBERD, by the

defendants, including the Non-Command Police Officers and HESSE.

18.     That the aforesaid attack constituted an unlawful assault and battery and   was

perpetrated upon plaintiff, GILBERD, by the aforesaid defendant police officers without just cause

or provocation.

19.     That at all times herein mentioned, the defendant police officers were acting under

color of State law with the authority bestowed upon them by the statutes, ordinances, rules,

regulations, policies, customs and practices of the defendants, VILLAGE and POLICE

DEPARTMENT.

20.     That aforesaid attack against the plaintiff, GILBERD, deprived him of his

constitutional right to be free from cruel and unusual punishment, to be secure in his person, to be

free from unlawful and unreasonable seizure of his person, to be deprived of his liberty and due process, all in violation of his rights guaranteed under the Fourth, Eighth and Fourteenth Amendment of the Constitution of the United States.

21.     That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, VILLAGE, POLICE DEPARTMENT, PARADISO and HESSE.

22.     That the aforesaid attack committed upon the plaintiff, GILBERD, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

23.     That as a result of the aforesaid, plaintiff, GILBERD, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, GILBERD, and without any just cause or provocation.

AS AND FOR A SECOND CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF, GILBERD,
UNDER THE FEDERAL CLAIMS

24.     This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-23 with the same force and effect as if more fully set forth at length herein.

25.     That during the course of the aforesaid attack, and thereafter, the defendants, Non-Command Police Officers and HESSE, unlawfully and improperly detained, incarcerated and imprisoned plaintiff, GILBERD, and falsely arrested him and deprived him of his right to legal counsel, without probable cause or justification.

26.     The at all times herein mentioned, the defendants, Non-Command Police Officers and HESSE, were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendant, VILLAGE and defendant, POLICE DEPARTMENT.

27.     That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, VILLAGE, POLICE DEPARTMENT, PARADISO and HESSE.

28.     That the aforesaid unlawful imprisonment and false arrest committed upon the plaintiff, GILBERD, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

29.     That as a result of the aforesaid, plaintiff, GILBERD, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, GILBERD, and without any just cause or provocation.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, GILBERD, UNDER THE FEDERAL CLAIMS

30.     Plaintiff, GILBERD, repeats, reiterate and reallege each and every allegation contained in paragraphs 1-29, with the same force and effect as if the same were more fully set forth at length herein.

31.     After the aforesaid attack was committed upon the person of the plaintiff, GILBERD, he was visibly and obviously severely injured, in extreme distress and unconscious.

6

32.     Thereafter, and while plaintiff, GILBERD, was in the custody and control of the defendants, Non-Command Police Officers and HESSE, the said police officers delayed and denied said plaintiff immediate and necessary medical attention thereby aggravating and/or exacerbating the injuries that the said defendant police officers inflicted upon him, thus jeopardizing plaintiff's life and well-being.

33.     That the denial of medical care by the said defendants caused the plaintiff, GILBERD, to be deprived of the right to be secure in his person, free from cruel and unusual punishment, free from unlawful and unreasonable seizure of his person, all in violation of his rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

34.     The at all times herein mentioned, the said defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendant, VILLAGE and defendant, POLICE DEPARTMENT.

35.     That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, VILLAGE, POLICE DEPARTMENT, PARADISO and HESSE.

36.     That the aforesaid deprivation of medical treatment committed upon the plaintiff, SAMUEL W. GILBERD, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

37.     That as a result of the aforesaid, plaintiff, GILBERD, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, GILBERD, and without any just cause or

7

provocation.

## AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, GILBERD,
### UNDER THE FEDERAL CLAIMS

38.     This plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs 1-37, with the same force and effect as if more fully set forth at length herein.

39.     That the defendants, acting individually and acting in concert, sought to cover-up their

aforesaid unlawful conduct and the deprivations and violations of plaintiff, GILBERD's,

constitutional and civil rights, and to deprive plaintiff, GILBERD, of his lawful right to seek redress

therefor (hereinafter referred to as the "Cover-Up Scheme").

40.     That pursuant to the Cover-Up Scheme, and in furtherance thereof, defendants, Non-

Command Police Officers and HESSE, acting under color of State Law, undertook a course of

conduct that violated the civil rights of the plaintiff, GILBERD, to wit:

a.     They agreed and acted intentionally and falsely to issue criminal summonses to the plaintiff for resisting arrest and disorderly conduct;

b.     They agreed and acted intentionally to fabricate and contrive criminal charges against the said plaintiff;

c.     They agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges against the said plaintiff;

d.     They agreed and acted intentionally to fabricate and contrive criminal charges against the said plaintiff in order to falsely create justification for the aforesaid attack committed upon him, as aforesaid;

e.     They agreed and acted together and/or with others to cover up the use of improper force and/or to inhibit any investigation into the aforesaid defendant police officers' use of improper and unlawful force.

8

41.     Pursuant to the Cover-Up Scheme, and in furtherance thereof, defendants, Non-Command Police Officers and HESSE, did unlawfully and maliciously cause plaintiff, GILBERD, to be subjected to criminal prosecution for disorderly conduct and resisting arrest, which charges were false and baseless.

42.     That the Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, caused the plaintiff, GILBERD, to be deprived of the right to be secure in his person, free from cruel and unusual punishment, free from unlawful and unreasonable seizure of his person, all in violation of his rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

43.     That at all times herein mentioned, the defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendants, VILLAGE and POLICE DEPARTMENT.

44.     That the aforesaid Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, were promoted, condoned, ratified and/or approved by the defendants, VILLAGE, POLICE DEPARTMENT, PARADISO and HESSE.

45.     That the aforesaid charges of resisting arrest and disorderly conduct were dismissed on October 4, 2006.

46.     That the Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, were in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

47.     That as a result of the aforesaid, plaintiff, GILBERD, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, GILBERD, and without any just cause or provocation.

AS AND FOR A FIFTH CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF, GILBERD,
UNDER THE STATE CLAIMS

48.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-47 with the same force and effect as if more fully set forth at length herein.

49.     That at all times herein mentioned, the defendant police officers who attacked plaintiff, GILBERD, without just cause or provocation, were acting under the supervision and direction of defendants, PARADISO and HESSE, and within the course and scope of their employment by defendants, VILLAGE and POLICE DEPARTMENT.

50.     That the defendant police officers who attacked the plaintiff, GILBERD, as aforesaid, included defendants, HESSE and the Non-Command Police Officers.

51.     That the aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused, wholly and solely, through and by reason of the culpable conduct of the defendants, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

52.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

53.     That the defendants, and each of them, are liable to the plaintiff for said assault and battery.

10

54.     That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur hospital and medical expenses and seek medical and hospital care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, GILBERD, UNDER THE STATE CLAIMS

55.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-54 with the same force and effect as if more fully set forth at length herein.

56.     That at all times herein mentioned, the defendant police officers who unlawfully and improperly detained, incarcerated and imprisoned plaintiff, GILBERD, and falsely arrested him, without just cause or provocation, were acting under the supervision and direction of defendants, PARADISO and HESSE, and within the course and scope of their employment by defendants, VILLAGE and POLICE DEPARTMENT.

57.     That the defendant police officers who unlawfully and improperly detained, incarcerated and imprisoned plaintiff, GILBERD, and falsely arrested him, as aforesaid, included defendants, HESSE and the Non-Command Police Officers.

58.     That the aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused, wholly and solely, through and by reason of the culpable conduct of the defendants, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

59.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

60.     That the defendants, and each of them, are liable to the plaintiff for said false arrest and unlawful imprisonment.

61.     That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur hospital and medical expenses and seek medical and hospital care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

12

AS AND FOR AN SEVENTH OF ACTION ON
BEHALF OF THE PLAINTIFF, GILBERD,
UNDER THE STATE CLAIMS

62.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-61 with the same force and effect as if more fully set forth at length herein.

63.     That at all times herein mentioned, the defendant police officers who deprived plaintiff of immediate and necessary medical attention, were acting under the supervision and direction of defendants, PARADISO and HESSE, and within the course and scope of their employment by defendants, VILLAGE and POLICE DEPARTMENT.

64.     That the defendant police officers who deprived plaintiff of immediate and necessary medical attention, as aforesaid, included defendants, HESSE and the Non-Command Police Officers.

65.     That the aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused, wholly and solely, through and by reason of the culpable conduct of the defendants, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

66.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

67.     That the defendants, and each of them, are liable to the plaintiff for said unlawful deprivation of medical care.

68.     That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur hospital and medical expenses and seek medical and hospital care, attention and

13

treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

AS AND FOR A EIGHTH CAUSE OF ACTION ON<br>BEHALF OF THE PLAINTIFF, GILBERD,<br>UNDER THE STATE CLAIMS

69.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-68 with the same force and effect as if more fully set forth at length herein.

70.     That at all times herein mentioned, the defendant police officers who participated in the Cover-Up Scheme and who committed acts pursuant thereto and in furtherance thereof, without just cause or provocation, were acting under the supervision and direction of defendants, PARADISO and HESSE, and within the course and scope of their employment by defendants, VILLAGE and POLICE DEPARTMENT.

71.     That the defendant police officers who participated in the Cover-Up Scheme and who committed acts pursuant thereto and in furtherance thereof, as aforesaid, included defendants, HESSE and the Non-Command Police Officers.

72.     That the  aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused, wholly and solely, through and by reason of the culpable conduct of the defendants, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

14

73.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

74.     That the defendants, and each of them, are liable to the plaintiff for the Cover-Up Scheme and for the acts committed pursuant thereto and in furtherance thereof.

75.     That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur hospital and medical expenses and seek medical and hospital care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

AS AND FOR A NINTH CAUSE OF ACTION ON<br>BEHALF OF THE PLAINTIFF, GILBERD,<br>UNDER THE STATE CLAIMS

76.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-75 with the same force and effect as if more fully set forth at length herein.

77.     That at all times herein mentioned, the defendant police officers who caused false and baseless criminal charges alleging disorderly conduct and resisting arrest to be prosecuted against plaintiff, GILBERD, without just cause or provocation, were acting under the supervision and

15

direction of defendants, PARADISO and HESSE, and within the course and scope of their employment by defendants, VILLAGE and POLICE DEPARTMENT.

78.    That the defendant police officers who caused the aforesaid false and baseless criminal charges to be prosecuted against plaintiff, GILBERD, as aforesaid, included defendants, HESSE and the Non-Command Police Officers.

79.    That the aforesaid false and baseless charges of resisting arrest and disorderly conduct were dismissed on October 4, 2006.

80.    That the  aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused, wholly and solely, through and by reason of the culpable conduct of the defendants, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

81.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

82.    That the defendants, and each of them, are liable to the plaintiff for said malicious prosecution.

83.    That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur hospital and medical expenses and seek medical and hospital care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges

16

asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

AS AND FOR A TENTH CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF, GILBERD,
UNDER THE STATE CLAIMS

84.    This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-83 with the same force and effect as if more fully set forth at length herein.

85.    That the defendant police officers failed to perform their lawful duties and to come to the aid and assistance of plaintiff, GILBERD, and to protect him from the aforesaid attack and other unlawful conduct committed by the defendants.

86.    That at all times herein mentioned, it was the duty of the defendants, and each of them, to properly, safely and adequately supervise and/or protect the safety and well-being of persons who are in their custody.

87.    That at all times herein mentioned, the defendants, and each of them, failed to properly, safely and adequately supervise and/or protect the safety and well-being of plaintiff, GILBERD.

88.    That the aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused, wholly and solely, through and by reason of the culpable conduct of the defendants, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

89.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

90.     That the defendants, and each of them, are liable to the plaintiff for their failure to properly discharge their duties.

91.     That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur hospital and medical expenses and seek medical and hospital care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, GILBERD, UNDER THE STATE CLAIMS

92.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-91 with the same force and effect as if more fully set forth at length herein.

93.     That at all times herein mentioned, it was the duty of the defendants, VILLAGE, POLICE DEPARTMENT, and PARADISO, to avoid hiring those candidates for employment, and to refrain from retaining as employers, those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public, those with vicious propensities, and

those with emotional, physical, psychological and/or physiological traits or characteristics as to render them unsuitable or unstable or contraindicated for such employment.

94.     That at all times herein mentioned, it was the duty of the defendants, VILLAGE, POLICE DEPARTMENT, and PARADISO, to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behavior of its servants, agents, police officers, employees and/or personnel.

95.     That the defendants, VILLAGE, POLICE DEPARTMENT, and PARADISO, were negligent and failed to exercise due care in their hiring, monitoring and retention of the defendant police officers.

96.     That the  aforesaid occurrence and plaintiff, GILBERD's resulting injuries were caused through and by reason of the culpable conduct of defendants, VILLAGE, POLICE DEPARTMENT, and PARADISO, and each of them, with no culpable conduct on the part of the plaintiff contributing thereto.

97.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

98.     That the defendants, VILLAGE, POLICE DEPARTMENT, and PARADISO, and each of them, are liable to the plaintiff for their negligence, including their failure to train and supervise, and improper hiring and retention of unqualified police officers.

99.     That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, including deprivation and violation of his constitutional and civil rights, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer;

was caused to incur hospital and medical expenses and seek medical and hospital care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties, activities and employment and may, in the future, continue to be so incapacitated; was caused to incur legal expenses to defend himself against the false and baseless criminal charges asserted against him; and has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower State courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this matter.

### AS AND FOR AN TWELFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, MANGLAPUS UNDER THE FEDERAL CLAIMS AND STATE CLAIMS

100.    This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-99 with the same force and effect as if more fully set forth at length herein.

101.    That at all times herein mentioned, this plaintiff was and still is the lawfully wedded wife of the plaintiff, GILBERD, and they duly cohabit together and reside together in the same household.

102.    That as a result of the injuries and damages sustained by the plaintiff, GILBERD, as set forth at length herein, plaintiff, MANGLAPUS, was caused to be deprived of the care, comfort, services, society, companionship and consortium of the plaintiff, GILBERD, and upon information and belief, she may continued to do so into the future.

103.    That the defendants, and each of them, are liable to the plaintiff, MANGLAPUS, for her aforesaid loss of services, society, companionship and consortium.

WHEREFORE, plaintiffs, GILBERD and MANGLAPUS, demands a trial by jury on all issues set forth herein pursuant to F.R.C.P. 38(b); and plaintiff, GILBERD, demands judgment against the defendants, and each of them, in the First, Second, Third and Fourth Causes of Action under the Federal Claims for TEN MILLION ($10,000,000) DOLLARS in compensatory damages and TEN MILLION ($10,000,000) DOLLARS in punitive damages; and plaintiff, GILBERD, demands judgment against the defendants, and each of them, in the Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action under the State Claims in an amount that exceeds the jurisdictional limits of any and all lower State courts that might otherwise have jurisdiction and/or TEN MILLION ($10,000,000) DOLLARS in compensatory damages and TEN MILLION ($10,000,000) DOLLARS in punitive damages; and plaintiff, GILBERD, demands judgment against the defendants, VILLAGE, POLICE DEPARTMENT, and PARADISO, and each of them, in the Eleventh Cause of Action under the State Claims in an amount that exceeds the jurisdictional limits of any and all lower State courts that might otherwise have jurisdiction and/or TEN MILLION ($10,000,000) DOLLARS in compensatory damages; and plaintiff, MANGLAPUS, demands judgment against the defendants, and each of them, in the Twelfth Cause of Action under the Federal Claims and State Claims in an amount that exceeds the jurisdictional limits of all lower State courts that might otherwise have jurisdiction and/or for ONE MILLION ($1,000,000) DOLLARS in compensatory damages; and plaintiffs, GILBERD and MANGLAPUS, further demand costs, interest and attorneys fees in this action.

Dated: New York, New York
     October 16, 2006

D. CARL LUSTIG, III (6891)